IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN L. BOYLE, JR.

v.                                                    CIVIL NO. L-01-3200

HARFORD COUNTY, et al.

## MEMORANDUM

On September 24, 2001, Plaintiff John Boyle filed this employment discrimination suit in state court against the State of Maryland and Harford County as well as five Harford County Department of Corrections Employees (the County and its employees are hereinafter referred to as "the County").[1] On October 29, 2001, the County filed notice of removal with this Court. Now pending are Defendants' Motions to Dismiss or for Summary Judgment. Because these motions were filed prior to the taking of discovery, the Court will treat them as motions to dismiss.

For the reasons stated herein, the Court will, by separate order: (i) GRANT in part and DENY in part the State's Motion to Dismiss, without prejudice to refiling it as a motion for summary judgment at the close of discovery; (ii) DENY the County's Motion to Dismiss, without prejudice to refiling it as a motion for summary judgment at the close of discovery; and (iii) ESTABLISH a schedule for discovery.

## I.   BACKGROUND

In July 1987, Boyle was hired by the Harford County Sheriff's Office as a correctional officer. Boyle regularly carried a Bible with him on duty and talked to inmates about religion.

---

[1] The employees were named in both their official and individual capacities. They are Howard Walter (the warden), Richard Aiello (the assistant warden), Colburn Dorsey, Elwood Dehaven, and Gary Sohl (designated as "employee[s]").

Compl. at ¶ 9a. Boyle also regularly reported the "improper" conduct of his co-employees, and he contends that these reports resulted in threats and harassment. Id. at ¶¶ 11a, 11b, 11d.[2]

On September 28, 2000, Boyle was discharged. His complaint contains eight separate counts, and each count involves multiple claims under federal, state, and county law. Essentially, the Plaintiff claims:

(i) that he was retaliated against for his complaints about religious discrimination and his opposition to illegal and improper conduct by supervisory personnel, in violation of Title VII, 42 U.S.C. § 1983, section 2-305 of the State Personnel and Pension Title of the Maryland Code, and Harford County Code section 95-5;

(ii) that he was disparately treated because of his religion in violation of Title VII; and

(iii) that the Defendants committed the tort of wrongful discharge.

Boyle alleges that he was terminated because of unfounded allegations that he disobeyed a direct order. He also contends that he was treated more severely than other officers who had been convicted of disobeying a direct order. Id. at ¶ 13.

## II. MOTION TO DISMISS STANDARD

Ordinarily, a complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim which entitle it to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). The liberal pleading requirements of Rule 8(a) demand only a "short and plain" statement of the claim. In evaluating

---

[2]It is unclear from the complaint exactly what improper conduct was complained of. At different points in the complaint the Plaintiff refers to alleged violations of Detention Center policy as well as alleged religious harassment.

2

such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969). "Furthermore, when as here, a Rule 12(b)(6) motion is testing the sufficiency of a civil rights complaint, we must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." Edwards v. City of Goldsboro, 178 F.3d 231, 243-244 (4th Cir. 1999) (quotation omitted). In essence, the legal theory articulated, or even suggested, by the non-moving party must be one that could not be the basis for a ruling in that party's favor.

## III. ANALYSIS

### A. State Law Claims Against Maryland are Barred by Eleventh Amendment

The State contends that the Plaintiff's state law claims cannot be adjudicated in federal court under the Supreme Court's interpretation of the Eleventh Amendment in Pennhurst State Sch. and Hosp. v. Haldermann, 465 U.S. 89 (1984).

In Pennhurst, the Supreme Court held that the Eleventh Amendment precluded a plaintiff from using a federal court's pendant jurisdiction to raise state law claims against a state. Id. at 121; see also Harley v. State Use Industries, 990 F.2d 131, 132, n.1 (4th Cir. 1993) (same).

Mr. Boyle concedes that the State would normally be immune, but argues that Maryland has waived this immunity by enactment of the Maryland Tort Claims Act. Pl.'s Opp'n. to Md.'s Mem. Supp. Summ. J. at 8. However, the Plaintiff cites to no authority in support of this argument, nor does it offer any other grounds to support abrogating the State's Eleventh Amendment immunity.

This Court has previously examined the scope of the State's waiver of immunity with

3

regard to state law claims. In Smith v. Bernier, the Court reviewed Maryland statutes for indications that the State had expressly consented to suit in federal court based on common law tort liability. 701 F. Supp. 1171, 1174 (D. Md. 1988). The Smith Court concluded that Maryland had not waived its immunity from state law claims brought in federal court. Id. To underscore its holding, the Smith Court pointed to the Maryland Tort Claims Act. In relevant part, the Act reads: "[T]he immunity of the State and of its units is waived as to a tort action, *in a court of the State* ...." Md. Code Ann., State Gov't., §12-104(1) (2001) (emphasis added). The Plaintiff has advanced no reason why this Court should reevaluate its holding in Smith.

Consequently, the Plaintiff's state law claims against Maryland will be dismissed.

**B.      The State is not a Person for Purposes of § 1983**

The State argues that it cannot be sued under § 1983 because it is not a "person" for purposes of the statute. This point was firmly established by the Supreme Court in Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989). Furthermore, the Plaintiff concedes this issue. Pl.'s Opp'n. to Md.'s Mem. Supp. Summ. J. at 8.

Accordingly, all claims that Boyle has raised against the State under 42 U.S.C. § 1983 will be dismissed.

**C.      Discovery is Necessary to Determine if the State is Liable Under Title VII**

The issue is whether the State or the County is the sheriff's employer and therefore vicariously liable for his employment decisions. The State contends that it is not an employer for the purposes of imposing liability under Title VII; it argues that the County was the sheriff's employer and should be the only defendant liable under Title VII. The County, naturally, disagrees with the State on this point. A finding that the County was the sheriff's employer would prove fatal to the Plaintiff's Title VII claims against the State, which are the only claims

4

against the State not being dismissed.

Plaintiff's position on this issue is unclear; he sued both entities for Title VII violations.[3] The State argues that under agency principles, the sheriff is an agent of the county when implementing local jail policy. The County responds that Maryland Courts have concluded that the sheriff is a state employee for purposes of imputing tort liability, and this determination should be conclusive for Title VII liability as well.

The Fourth Circuit has adopted a multi-factor test for determining employee status. In King v. Dalton, the District Court surveyed applicable law and concluded that the employer's right to control the employee's work was the most important factor. 895 F. Supp. 831, 838 (E.D. Va. 1995). Adapting the King holding to the present dispute, the sheriff's employer will be determined by examining which entity, the County or the State, exerts control over the sheriff's decisions at the Plaintiff's place of employment.

In allowing the Title VII claims to go forward against the State, the Court is mindful of the inequity in compelling the State to participate in a protracted discovery process simply to determine the single issue that could dismiss it from this lawsuit altogether. Therefore, the Court will establish a separate, abbreviated discovery schedule to determine this single issue. Pursuant to this schedule, the Plaintiff will be required to indicate whether he continues to press his Title VII claims against the State or wishes to dismiss the State as a party altogether.

**D.     Harford County's Motion to Dismiss is Premature**

---

[3]Plaintiff's submissions alternate between apparently conceding that the State is not an employer and arguing that it is. Compare Pl.'s Opp'n to Md.'s Mem. Supp. Summ. J. at 9 (Plaintiff "agrees with the state that the state of Maryland was not the Plaintiff's employer") with id. at 13 (there is a "serious and genuine dispute over whether the Harford County Sheriff's Department is a state agency and whether the individual defendants are state employees").

In Harford County's Motion, it contends that the Plaintiff's federal and state law claims should be dismissed for the following reasons:

(i) the County is neither the sheriff's nor the officers' employer and must be dismissed;

(ii) the Plaintiff cannot demonstrate a prima facie case of retaliation;

(iii) the Plaintiff cannot establish that Defendants discriminated against him on the basis of religious affiliation in violation of Title VII;

(iv) the Plaintiff fails to meet the burden of production required by 42 U.S.C. § 1983 because it is equivalent to the Title VII burden;

(v) the Plaintiff cannot establish a claim under Chapter 95 of the Harford County Code because he complained about employment practices not made unlawful under that Section;

(vi) the Plaintiff cannot claim the tort of wrongful discharge when there are statutory remedies available, nor is he protected by the Law Enforcement Officer's Bill of Rights.[4]

Whether Boyle's claim can survive a motion for summary judgment remains to be seen. But this court finds that Boyle has alleged sufficient facts in support of his claims to withstand the State's Motion to Dismiss and proceed to discovery.

Accordingly, Harford County's motion to dismiss will be denied without prejudice, subject to refiling as a motion for summary judgment at the close of discovery.

---

[4] This motion for summary judgment was jointly filed by Harford County and the five Harford County employees. These defendants do not address whether separate grounds exist for the dismissal of the employees as individuals.

## IV. CONCLUSION

For the reasons stated herein, the Court will, by separate order, grant in part and deny in part the State's Motion to Dismiss and deny the County's Motion to Dismiss, all without prejudice to refiling as a motion for summary judgment at the close of discovery. The scheduling order will be issued separately.

Dated this __19th__ day of September 2002.

Benson Everett Legg
United States District Judge